UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Charles W. Pollock, Jr., | Case No. 20-cv-643 (NEB/TNL) |
| Petitioner, | |
| v. | **ORDER** |
| Warden S. Kallis, FMC Rochester, | |
| Respondent. | |

This matter comes before the Court on several motions filed by the parties and correspondence from pro se Petitioner Charles W. Pollock, Jr.

## I. PETITIONER'S MOTIONS TO APPOINT COUNSEL

Petitioner seeks the appointment of counsel based on a temporary, nation-wide lock down instituted by the Bureau of Prisons in or around early June 2020. ECF Nos. 3, 8; *see* ECF Nos. 4, 9. Based on a memorandum circulated by Respondent Warden S. Kallis at the facility where Petitioner is detained, the lock down is "an effort to maintain the safety and security of the institution" in response to the "difficult times [the Nation] is facing as emotions run high and peaceful protests have turned into violently charged demonstrations," and is "not intended to be a long-term lock down." ECF No. 4 at 1; *accord* ECF No. 9 at 1. Petitioner has also submitted an inquiry of his inmate account status in support of his motions. *See* ECF Nos. 4 at 2-4, 9 at 2-4,

"In civil cases, there is no constitutional or statutory right to appointed counsel." *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013) (per curiam); *accord Phillips v. Jasper*

1

*Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006) (same). Rather, "[t]he court *may* request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). "The relevant criteria for determining whether counsel should be appointed include the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Phillips*, 437 F.3d at 794; *accord Ward*, 721 F.3d at 942. "The court has a good deal of discretion to determine whether representation is warranted given the nature of the case and the litigants." *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011); *see Trotter v. Lawson*, 636 F. App'x 371, 373 (8th Cir. 2016) (per curiam).

Petitioner's motions are largely based on the restrictions imposed by the temporary lock-down. Since the filing of these motions, however, Petitioner has been able to send numerous filings to the Court, including at least four letters and four motions. *See, e.g.*, ECF Nos. 15, 16, 19, 20, 21, 22, 23, 25, 26. Moreover, Petitioner's filings to date demonstrate his ability to articulate his position to the Court and a basic understanding of legal procedure, including filing motions as a means of seeking relief from the Court. *See Ward*, 721 F.3d at 943.

The Court recognizes that Petitioner's financial circumstances are limited and appreciates that his confinement presents certain challenges to self-representation. Petitioner's situation, however, is not unique. *See Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). The Court concludes that appointment of counsel is not warranted at this juncture, and Petitioner's motions are denied without prejudice.

## II. RESPONDENT'S REQUEST FOR EXTENSION & PETITIONER'S FIRST MOTION TO STRIKE

Respondent filed a motion requesting an extension of time to respond to the Petition. ECF No. 12. Respondent sought an extension of approximately 15 days to respond to the Petition due to coordination with the Assistant United States Attorney in the district of conviction and "case load and other responsibilities" of Respondent's counsel. ECF No. 12 at 1. Petitioner objected to the requested extension based on a pattern of delay. ECF No. 15.

This is Respondent's first request for a modest extension of time in this matter. The Court acknowledges Petitioner's apparent frustration based on requests for extensions he has encountered in other matters. As requested, however, Respondent in fact filed the Response on July 10, 2020. *See generally* ECF Nos. 13, 14. And, similar to Petitioner's request for an extension of time, *see infra* Section III, Respondent has shown good cause to extend the deadline to file the Response. Therefore, Respondent's motion is granted, and the Response filed July 10 is considered timely.

In his first motion to strike, ECF No. 20, Petitioner requests that the Court strike the Response as untimely because Respondent requested "an extension of time *to* July 10, 2020, to . . . file the response," ECF No. 12 at 1 (emphasis added), rather than "including" July 10. The Court has concluded that the Response filed on July 10 is timely, and therefore Petitioner's first motion to strike is denied.

### III. "COMPLETE" COPY OF RESPONSE & PETITIONER'S REQUEST FOR EXTENSION

On or about July 16, Petitioner sent a letter to the Court stating that he had not received a copy of the Response filed on July 10. ECF No. 16. On July 21, the district court ordered Respondent to send a second set of its filings to Petitioner. ECF No. 17. The following day, Respondent filed a certificate of service, asserting that Respondent had done so. ECF No. 18.

Petitioner now appears to have received the Response and Exhibits A through D, but not Exhibit E. ECF Nos. 22, 25, 26. As stated in the Response, Exhibit E is a presentence report that Respondent has filed under seal. Resp. at 2, ECF No. 13. The certificate of service did not itemize the exhibits sent to Petitioner. *See generally* ECF No. 18.

**On or before August 21, 2020, Respondent shall file a letter with the Court indicating whether Exhibit E was sent to Petitioner. If Exhibit E was not sent to Petitioner, Respondent shall provide the Court with authority supporting its position that the Court may consider and/or rely on an exhibit that was not served upon Petitioner.**

Understandably, Petitioner has filed a request for an extension of time to file his reply to the Response due to the difficulties he has experienced receiving a copy of the Response. ECF No. 21. Petitioner has shown good cause to extend the deadline to file his reply. **Therefore, Petitioner's motion is granted, and Petitioner shall file any reply**

**in support of his Petition on or before September 30, 2020**.  In his reply, Petitioner may also respond to Respondent's letter.

### IV. PETITIONER'S SECOND MOTION TO STRIKE

Petitioner has filed a second motion to strike, again targeting the Response and its accompanying exhibits.  ECF No. 23.  Petitioner styles this motion as a motion to amend the first motion to strike because he did not have the Response at the time he filed the first motion to strike.  The Court recognizes that Petitioner is proceeding pro se and his filings are to be construed liberally.  *See, e.g.*, *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014); *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004).  Petitioner's explanation combined with the arguments raised in the motion itself demonstrate that Petitioner's second motion to strike is distinct from the first motion to strike, and the Court will treat it as such.

Petitioner has filed a petition for habeas relief pursuant to 28 U.S.C. § 2241.  *See generally* ECF No. 1.  The Rules Governing Section 2254 Cases in the United States District Courts ("Rules Governing Section 2254 Cases") apply equally to petitions brought under § 2241.  Rules Governing Section 2254 Cases 1(b); *see, e.g.*, *Bowers v. U.S. Parole Comm'n*, 760 F.3d 1177, 1183 n.8 (11th Cir. 2014).  Rule 12 of the Rules Governing Section 2254 Cases provides that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."  Rule 12(f) of the Federal Rules of Civil Procedure in turn provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

As best as this Court is able to tell, Petitioner is attempting to invoke Rule 12(f)'s

5

"immaterial" or "impertinent" grounds. Petitioner argues that the Response and accompanying exhibits should be struck because "none of . . . [these documents] show the required findings of the knowing element required under the Supreme Court decision in *Rehaif* [*v. United States*, 139 S. Ct. 2191 (2019)]." ECF No. 23 at 1; *see generally* ECF No. 23. Briefing on Petitioner's second motion to strike shall occur as follows:

1. Respondent's response is due on or before **August 31, 2020**.

2. Petitioner's reply is due on or before **September 15, 2020**.

The motion will then be deemed submitted and the Court will consider Petitioner's second motion to strike on the papers.

## V. ORDER

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Petitioner's motions requesting appointment of counsel, ECF Nos. 3 and 8, are **DENIED WITHOUT PREJUDICE**.

2. Respondent's request for an extension of time, ECF No. 12, is **GRANTED**.

3. Petitioner's motion to strike, ECF No. 20, is **DENIED**.

4. **On or before August 21, 2020**, Respondent shall file a letter with the Court indicating whether Exhibit E was sent to Petitioner. If Exhibit E was not sent to Petitioner, Respondent shall provide the Court with authority supporting its position that the Court may consider and/or rely on an exhibit that was not served upon Petitioner.

5. Petitioner's request for an extension of time, ECF No. 21, is **GRANTED**. Petitioner shall file any reply in support of his Petition **on or before September 30, 2020**.

6. Respondent's response to Petitioner's second motion to strike, ECF No. 23, is due **on or before August 31, 2020**.

7. Any reply by Petitioner in support of his second motion to strike, ECF No. 23,

is due **on or before September 15, 2020**.

8. Thereafter, no further submissions from either party will be permitted, except as authorized by Court order.


Date: August 7 , 2020                              *s/ Tony N. Leung*
                                                     Tony N. Leung
                                                     United States Magistrate Judge
                                                     District of Minnesota


                                                     *Pollock v. Kallis*
                                                     Case No. 20-cv-643 (NEB/TNL)