UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Charles W. Pollock, Jr., | Case No. 20-cv-0643 (NEB/TNL) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Warden S. Kallis, FMC Rochester, | |
| Respondent. | |

Charles W. Pollock, Jr., petitioner pro se.

Lisa D. Kirkpatrick, Ana H. Voss, and Ann M. Bildtsen, United States Attorney's Office, for respondent.

\*\*\*

Section 922(g) of Title 18 of the United States Code makes it unlawful for "any person . . . who has been convicted in any court of . . . a crime punishable by imprisonment for a term exceeding one year . . . [to] possess in or affecting commerce, any firearm or ammunition." In 2009, Petitioner Charles W. Pollock, Jr., was found guilty after a jury trial in Illinois state court of one count of aggravated stalking — a Class 3 felony under Illinois law punishable by up to a five-year term of imprisonment. *See* 720 ILCS 5/12-7.4(a)(1); Resp. Ex. 1 at 3-9 [ECF No. 13-1]. Later, in 2013, a jury sitting in the United States District Court for the Central District of Illinois found Pollock guilty of unlawful possession of a firearm and unlawful possession of ammunition under § 922(g) (as well as attempted witness tampering pursuant to 18 U.S.C. § 1512(b)(2)(C)). *See United States v. Pollock*, 757 F.3d 582, 585 (7th Cir. 2014) (affirming convictions and sentence).

1

Several years after Pollock's convictions under § 922(g) had become final, the Supreme Court held in *Rehaif v. United States* that "[t]o convict a defendant [under § 922(g)], the Government . . . must show that the defendant knew he possessed a firearm *and also that he knew he had the relevant status when he possessed it*." 139 S. Ct. 2191, 2194 (2019) (emphasis added). Section 922(g) prohibits several classes of individuals from possessing firearms or ammunition. One of those classes, as mentioned above, is persons convicted of an offense punishable by more than one year in prison. *See* 18 U.S.C. § 922(g)(1). Another class prohibited by § 922(g) from possessing firearms or ammunition is individuals illegally or unlawfully in the United States. *See* 18 U.S.C. § 922(g)(5)(A). The defendant in *Rehaif* entered the United States on a student visa, but his status as a lawful alien had ended when his enrollment in college was terminated. *See Rehaif*, 139 S. Ct. at 2194-95. The defendant later visited a firing range, where he fired two guns. *Id*. at 2194. The government prosecuted the *Rehaif* defendant under § 922(g), and at trial, the jury was instructed that it did not need to find that the defendant knew he was in the country unlawfully. *Id*. at 2195. The Supreme Court found this instruction to be erroneous, concluding that, under § 922(g), "the Government must prove that a defendant knows of his status as a person barred from possessing a firearm." *Id*. at 2195.

This matter is before the Court on Pollock's petition for a writ of habeas corpus, in which he seeks to invoke the Supreme Court's decision in *Rehaif* in order to challenge his convictions under § 922(g). *See* Petition [ECF No. 1]; 28 U.S.C. § 2241(c). Pollock argues that although the prosecution established that he had been convicted of an offense carrying a term of imprisonment greater than one year — indeed, he had stipulated at trial that he

2

had been convicted of a felony under Illinois law — the government failed to demonstrate at trial, and the jury was not instructed to find, that Pollock *knew* he had been convicted of an offense carrying a term of imprisonment greater than one year. Therefore (Pollock argues), as in *Rehaif*, the prosecution failed to establish an element of § 922(g), necessitating that his convictions under that statute be vacated.

This is an easy case on the merits. Pollock did not object at trial to the jury instructions regarding knowledge, and his *Rehaif* claim cannot survive clear-error review. *See United States v. Hollingshed*, 940 F.3d 410, 415 (8th Cir. 2019) ("Because Hollingshed failed to challenge the lack of a jury instruction regarding his knowledge of his felony status, we review his claim for plain error."). "[T]o establish plain error, a defendant must show: (1) an error (2) that was obvious and (3) that affected the defendant's substantial rights and (4) that seriously affected the fairness, integrity, or public reputation of judicial proceedings." *Id*. (citing *United States v. Olano*, 507 U.S. 725, 734 (1993)). As in *Hollingshed*, Pollock cannot show that the failure to provide a jury instruction on knowledge affected the fairness of his trial because there is no colorable basis upon which he can claim that he did not know he had "been convicted [of] a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1). Pollock was present during the jury trial at which he was convicted of aggravated stalking. The charging document in that matter states that the offense is a felony. *See* Resp. Ex. 1 at 2 (stating that the offense is "Class 3"). Illinois law defines a Class 3 felony as an offense for which the term of imprisonment "shall be a determinate sentence of not less than 2 years and not more than 5 years." 730 ILCS 5/5-4.5-40(a). Unlike the defendant in *Rehaif*, who could

3

present a coherent theory as to why he did not know he was in the country unlawfully, Pollock cannot — or, at a minimum, has not — offered a credible explanation for how he could not have known that he had been convicted of an offense for which he could have been imprisoned for more than one year. *See Whitaker v. Fisher*, No. 10-3595 (RHK/AJB), 2011 WL 1542066, at *4 (D. Minn. Mar. 28, 2011) ("In § 2241 habeas corpus cases, '[t]he burden of proof of showing deprivation of rights leading to unlawful detention is on the petitioner.'" (quoting *Espinoza v. Sabol*, 558 F.3d 83, 89 (1st Cir. 2009)).[1]

The more difficult question is whether this Court has jurisdiction to reach the merits of Pollock's habeas petition at all. Section 2255(e) of Title 28 provides that

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

Put another way, a motion brought pursuant to § 2255 in the sentencing court is generally the exclusive remedy for claims attacking the validity of a federal conviction or sentence.

---

[1] This Court agrees with Pollock that not all of the government's evidence of knowledge is compelling. For example, the government argues that the evidence at trial tended to show that Pollock *acted* like a person who knew he was not supposed to possess firearms or ammunition. *See* Resp. Br. at 3-5 [ECF No. 13]. But Pollock was prohibited from possessing firearms and ammunition by the terms of his probation. *See* Resp. Ex. 1 at 4. His actions therefore can be explained without reference to any knowledge of his status as a felon. The problem for Pollock is less the strength of the government's evidence — though, to be sure, the charging document provides an evidentiary basis upon which to conclude that Pollock had the required knowledge — than the fact that he offers no compelling explanation regarding how he could have *not* known that he was convicted of a felony. The burden of proof in this habeas corpus proceeding is on Pollock.

A federal prisoner cannot challenge the validity of his conviction or sentence through a habeas petition unless § 2255 is found to be inadequate or ineffective. That the restriction of § 2255(e) is jurisdictional has been called into question, *see Webster v. Caraway*, 761 F.3d 764, 768-70 (7th Cir. 2014), *opinion vacated by* 769 F.3d 1194 (7th Cir. 2014) (en banc); *Harris v. Warden*, 425 F.3d 386, 388-89 (7th Cir. 2005), but the law of most circuits, including the Eighth Circuit, is that § 2255(e) imposes a jurisdictional limitation upon the ability of federal prisoners to seek collateral relief where § 2255 is not inadequate or ineffective to test the legality of detention, *see Hill v. Morrison,* 349 F.3d 1089, 1091 (8th Cir. 2003) (noting that the savings clause of § 2255(e) "provides the court of incarceration as having subject matter jurisdiction over a collateral attack on a conviction or sentence rendered by another district court only if the remedies in the sentencing district are inadequate or ineffective"); *accord DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam); *see also United States v. Wheeler*, 886 F.3d 415, 424-26 (4th Cir. 2018) (collecting cases for proposition that § 2255(e) is a jurisdictional provision). Accordingly, this Court cannot recommend dismissal of Pollock's habeas petition on the merits without first examining whether Pollock has jurisdiction to present his claims in the first place.

What makes the jurisdictional question difficult in Pollock's case is that, in some instances, claims under *Rehaif* arguably fall within a gap not covered by § 2255. The government acknowledges in its briefing that *Rehaif* applies retroactively to cases on collateral review. *See* Resp. Br. at 11 [ECF No. 13]. Accordingly, claims under *Rehaif* may be brought in an *initial* motion for relief under § 2255, provided that the claim is not otherwise procedurally barred. But a second or successive motion under § 2255 may be

5

brought only upon authorization of the court of appeals, and the court of appeals may grant authorization only in two situations: where the defendant relies upon either

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Claims under *Rehaif* often will not fit into either of these two categories. This case is instructive. Pollock does not argue that newly discovered evidence has revealed to him that he did not know he was a felon; rather, he argues that he failed to press his claim regarding lack of knowledge earlier because it was futile to do so under the law as it stood at the time. Moreover, *Rehaif* is a new rule of *statutory* law, not a new rule of constitutional law, *see, e.g.*, *In re Pollock*, No. 19-2223 (7th Cir. July 1, 2019) (denying authorization to file successive § 2255 motion); that is, *Rehaif* interprets the scope of § 922(g) as that statute is written rather than concluding that a constitutional provision cabins the scope of § 922(g). Accordingly, even a litigant with a dead-certain claim under *Rehaif* — that is, even a litigant who could conclusively establish that he lacked the knowledge required under § 922(g) and therefore had not committed any criminal offense — would be unable to proceed under § 2255 if he had previously challenged his conviction on different grounds under that provision. The claim simply may not be authorized under § 2255(h).

Courts of appeals have divided over whether § 2255 is "inadequate or ineffective" in this situation. The Tenth and Eleventh Circuits have concluded that the exclusive-remedy rule of § 2255(e) applies even where § 2255(h) bars authorization of a claim — in other words, those courts have held that a federal prisoner may not seek habeas corpus relief from a conviction even where attempting to invoke a new rule of statutory law. *See In re Palacios*, 931 F.3d 1314, 1315-16 (11th Cir. 2019) (Rosenbaum, J., concurring) (citing *McCarthan v. Director of Goodwill Industries-Suncoast, Inc.*, 851 F.3d 1076, 1093 (11th Cir. 2017) (en banc)); *Jackson v. Hudson*, 822 Fed. App'x 821, 823-24 (10th Cir. 2020) (per curiam) (citing *Prost v. Anderson*, 636 F.3d 578 (10th Cir. 2011)). In its briefing, the government urges this Court to take that approach as well.

But the § 2255(e) jurisprudence of the Tenth and Eleventh Circuits is something of an outlier compared to the other circuits. *See Bryant v. Warden, FCC-Coleman-Medium*, 738 F.3d 1253, 1279-80 (11th Cir. 2013) (noting the "deep and mature circuit split" on the scope of § 2255(e), with the Tenth Circuit's approach in *Prost* being more restrictive than that of other circuits); *McCarthan*, 851 F.3d at 1080 (overruling *Bryant* and adopting rule of *Prost*). Most circuits have held that a claim predicated on a retroactive new rule of statutory law may (at least in some circumstances) be raised in a habeas petition where the claim is otherwise foreclosed from being raised under § 2255. *See, e.g.*, *In re Dorsainvil*, 119 F.3d 245, 251-52 (3d Cir. 1997); *In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000); *Reyes-Requena v. United States*, 243 F.3d 893, 903-04 (5th Cir. 2001); *Hill v. Masters*, 836 F.3d 591, 595, 599-600 (6th Cir. 2016); *In re Davenport*, 147 F.3d 605, 610-13 (7th Cir. 1998); *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006). The Eighth Circuit has

7

never expressly endorsed any specific approach. *See Bryant*, 738 F.3d at 1281 (noting that "[t]he Eighth Circuit has the least developed savings-clause jurisprudence . . . ."). Accordingly, this Court is without a controlling framework for determining whether § 2255(e) prohibits claims for relief.[2]

But this Court is not *entirely* without guidance from the Eighth Circuit. Pollock would be foreclosed from raising his claim under *Rehaif* if he earlier had "an unobstructed procedural opportunity to present his claim" through § 2255. *Abdullah v. Hedrick*, 392 F.3d 957, 963 (8th Cir. 2004). This language of the Eighth Circuit mirrors the approach of the Ninth Circuit, which prohibits a federal prisoner from seeking habeas corpus relief where the litigant earlier had an "unobstructed procedural shot" at this claim. *Allen v. Ives*, 950 F.3d 1184, 1190 (9th Cir. 2020). In determining whether a litigant had an "unobstructed procedural shot," the Ninth Circuit considers "'(1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal and first § 2255 motion; and (2) whether the law changed in any way relevant to petitioner's claim after that first § 2255 motion.'" *Id.* (quoting *Harrison v. Ollison*, 519 F.3d 952, 960 (9th Cir. 2008)).

---

[2] The government, for its part, has not been entirely consistent about the scope of § 2255 in litigation brought within this District, sometimes (as in this case) arguing for an approach as restrictive as that of the Tenth and Eleventh Circuits, other times arguing for a more lenient approach consistent with that of the other circuits. *See Wilson v. Lowry*, No. 98-0177 (SRN), 2017 WL 5158654, at *2-3 (D. Minn. Nov. 7, 2017) (granting joint habeas petition). If § 2255(e) were merely an affirmative defense to a habeas claim, this inconsistency would be of little import; the Court need not assert an affirmative defense on a respondent's behalf. But as explained above, the Eighth Circuit has determined that § 2255(e) is jurisdictional, and the Court is obligated to police the boundaries of its jurisdiction.

Pollock meets those requirements. *Rehaif* was not decided until after Pollock's initial proceedings under § 2255 had concluded. That decision overruled "nationwide precedent in all eleven circuit courts of appeal which had held that knowledge was not an element that the prosecution must prove to obtain a conviction." *Rickett v. Werlich*, No. 19-CV-1011 (NJR), 2020 WL 5766244, at *2 (S.D. Ill. Sept. 28, 2020). Had Pollock attempted to bring a *Rehaif*-type claim on direct appeal or under § 2255 prior to the decision in *Rehaif*, the claim undoubtedly would have been rejected. Under the circumstances, it is difficult for this Court to characterize Pollock's opportunity to raise his claim as "unobstructed." *See Ives*, 950 F.3d at 1190 (noting that the petitioner "did not have an unobstructed procedural shot at presenting his claim" where that claim "was foreclosed by existing precedent at the time of his direct appeal and § 2255 motion."); *Beason v. Marske*, 926 F.3d 932, 936 (7th Cir. 2019); *Christopher v. Miles*, 342 F.3d 378, 382 (5th Cir. 2003) (requiring, among other things, that a federal prisoner seeking relief from a conviction or sentence in a habeas petition establish that "claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original § 2255 petition . . . .").

The government points out that this "unobstructed procedural opportunity" rule is in tension with *Bousley v. United States*, which held that a defendant cannot avoid procedural default of a claim merely by arguing that the case law was against him at the time. 523 U.S. 614, 623 (1998) ("[F]utility cannot constitute cause [to excuse procedural default] if it means simply that a claim was unacceptable to that particular court at that particular time."). It would be peculiar if § 2255(e) were interpreted as providing *broader*

9

relief from a conviction through habeas corpus than what is available through § 2255 itself — a claim barred by procedural default in the § 2255 context could then be raised through a habeas petition. Moreover, a litigant cannot argue that § 2255 is "inadequate or ineffective" merely because some procedural barrier (such as procedural default) stood in the way of his raising the claim previously. *See United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000).

That said, a litigant may overcome procedural default through a showing of actual innocence. *See Bousley*, 523 U.S. at 623. For that reason, the Ninth Circuit (among others) requires both (1) that the habeas petitioner not have had an earlier unobstructed procedural opportunity to raise his claim and (2) that the petitioner adequately demonstrate actual innocence of his offense. *Stephens*, 464 F.3d at 898; *Dorsainvil*, 119 F.3d at 251-52. "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley*, 523 U.S. at 623 (quotations omitted). A claim under *Rehaif* can amount to a claim of actual innocence, but the petitioner must show more than that the jury instructions at his trial were flawed, or that the government did not submit evidence establishing requisite knowledge at trial. Instead, the petitioner must show that, in light of *Rehaif*, his conduct was *actually lawful*. As relevant to this case, Pollock must make a convincing showing that he did not know he was convicted of an offense punishable by more than one year in prison. As explained above, Pollock has not made this showing. Pollock's claim that he was not aware of the potential consequences of a conviction is implausible on its face, and Pollock has not offered evidence — or even a convincing reason to believe — that this implausible

claim is nevertheless true. And in the habeas context, it is Pollock's burden to establish actual innocence, not the government's burden to rebut innocence. *See House v. Bell*, 547 U.S. 518, 538 (2006).

This Court concludes that Pollock's claim is barred by the exclusive-remedy rule of § 2255(e) absent a showing of actual innocence of the offenses for which he was convicted. Because Pollock has not made such a showing, and because the exclusive-remedy rule of § 2255(e) is jurisdictional, this Court recommends that Pollock's claim be dismissed without prejudice.

Two further matters merit further comment. First, Pollock's habeas petition also raises a second claim: that he did not know that he possessed the firearms or ammunition at issue. This claim is squarely barred by the exclusive-remedy rule. There has been no intervening change in the case law of the Seventh Circuit with respect to this claim — the government was required to prove at Pollock's trial that he knew he possessed the items at issue. *See United States v. Maez*, 960 F.3d 949, 955 (7th Cir. 2020) (citing *United States v. Stein*, 712 F.3d 1038, 1041 (7th Cir. 2013)). Pollock had an unobstructed procedural opportunity to argue earlier that he did not know that he possessed the firearm or ammunition. Section 2255(e) therefore also acts as a jurisdictional bar to this aspect of Pollock's habeas petition. *See Abdullah*, 392 F.3d at 963.

Second, Pollock has filed a motion to strike[3] certain documents submitted by the government in response to the habeas corpus petition. *See* ECF No. 23. The motion should be denied. Rule 12(f) of the Federal Rules of Civil Procedure permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," but the government's submission was not a "pleading" — it consisted of exhibits that were offered as evidence and a memorandum responding to the merits of Pollock's claims. Pollock objects to the relevance of the exhibits and to the inferences drawn by the government regarding those exhibits, and this Court has taken Pollock's arguments into account in reviewing the habeas petition and subsequent briefing. But there was nothing improper about the government's submission, which was entirely consistent with this Court's order to show cause. *See* ECF No. 2. There is no legal basis upon which to strike the exhibits at issue, *see Nerland v. Caribou Coffee Co., Inc.*, No. 05-CV-1847 (PJS/JJG), 2006 WL 8445049, at *1-2 (D. Minn. Nov. 20, 2006), and no good reason to do so. The motion should be denied.

---

[3] The motion is labeled as a "motion to amend," ECF No. 23 at 1, but the filing that Pollock sought to amend was a previous motion to strike, and the relief sought in the motion is the striking of various documents from the record.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. The petition for a writ of habeas corpus of petitioner Charles W. Pollock, Jr. [ECF No. 1] be **DENIED WITH PREJUDICE** for lack of jurisdiction.

2. Pollock's motion to strike [ECF No. 23] be **DENIED**.


Dated: January  12 , 2021                                  *s/ Tony N. Leung*
                                                                         Tony N. Leung
                                                                         United States Magistrate Judge
                                                                         District of Minnesota


                                                                         *Pollock v. Kallis*
                                                                         Case No. 20-cv-0643 (NEB/TNL)


## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).