UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| CHARLES W. POLLOCK, JR., | Case No. 20-CV-643 (NEB/TNL) |
| Petitioner, | |
| v. | ORDER ACCEPTING REPORT AND RECOMMENDATION |
| WARDEN S. KALLIS, | |
| Respondent. | |

In 2013, Charles W. Pollock, Jr. was convicted in the Central District of Illinois of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)[1] and sentenced to 240 months in prison. Several years later, Pollock filed a motion to vacate under 28 U.S.C. Section 2255, and the sentencing court denied it. Then, in 2019, the Supreme Court issued *Rehaif v. United States*, holding that "in a prosecution under 18 U.S.C. § 922(g) and 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm" and also that he knew he was prohibited from doing so. 139 S. Ct. 2191, 2200 (2019). Pollock then filed this petition for a writ of habeas corpus under 28 U.S.C. Section 2241, arguing that the Government failed to prove that he knew he was

---

[1] Pollock was also convicted of attempting to tamper with a witness by corrupt persuasion, but he does not challenge his conviction on that count in his petition.

prohibited from possessing a firearm. The Court concludes that it lacks jurisdiction and thus denies Pollock's petition.

## BACKGROUND

In 2009, a jury found Pollock guilty of aggravated stalking in Illinois state court. (ECF No. 13-1[2] at 2–3, 31.) Aggravated stalking is punishable by more than a year in prison under Illinois law, and Pollock was prohibited from possessing a firearm by the terms of his probation. 720 Ill. Comp. Stat. 5/12-7.4(b); 720 Ill. Comp. Stat. 5/2-7; (ECF No. 13-1 at 4.) Two years later, Pollock abducted a woman with whom he had a personal relationship. (ECF No. 14 at 5–6 (filed under seal).) The woman told police that Pollock forcefully removed her from her home, took her to his residence, humiliated her, raped her, and threatened her and her daughter. (*Id.*) Pollock was charged with various offenses stemming from this incident, but a jury acquitted him of all charges. (*Id.* at 6.)

While he was in jail on the latter charges, Pollock called a friend and asked him to retrieve Pollock's firearms from a vehicle. (*Id.* at 6.) The friend complied but later turned the guns over to the police. (*Id.* at 7.) Pollock was then charged with being a felon in possession of a firearm, in violation of 18 U.S.C. Sections 922(g) and 924(c). *United States v. Pollock*, No. 1:11-cr-10082-JES-JAG-1, ECF No. 1 (C.D. Ill. Aug. 18, 2011). The Government later added charges of being a felon in possession of ammunition and of attempting to tamper with a witness by corrupt persuasion. *Id.* ECF Nos. 22 (Superseding

---

[2] The page numbers cited for ECF No. 13-1 are the CM/ECF page numbers.

Indictment), 33 (Second Superseding Indictment). A jury convicted Pollock on all three counts, and he was sentenced to 240 months in prison. *Id.* ECF Nos. 70, 85. Pollock appealed his conviction and his sentence to the Seventh Circuit Court of Appeals, which affirmed both his conviction and sentence. *United States v. Pollock*, 757 F.3d 582 (7th Cir. 2014), *cert. denied*, 135 S. Ct. 989 (2015).

In 2016, Pollock filed a motion to vacate, set aside, or correct his sentence under Section 2255. *Pollock v. United States*, No. 1:16-cv-1020-JES, ECF No. 1 (C.D. Ill. Jan. 19, 2016). In the motion, Pollock argued that he received ineffective assistance of legal counsel before trial, at trial, and on appeal. *Id.* at 5–8. The court, concluding that Pollock had not produced any evidence to support his claims, denied his motion. *Id.* ECF No. 56. The Seventh Circuit affirmed. *Pollock v. United States*, 710 F. App'x 253 (7th Cir. 2018).

In June 2019, the Supreme Court decided *Rehaif*, holding that for prosecutions under 18 U.S.C. Sections 922(g) and 924(a)(2), "the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200. Prior to *Rehaif*, every Court of Appeals had held that a defendant's knowledge that he or she was prohibited from having a firearm was not an element the Government needed to prove in a Section 922(g) case. *United States v. Williams*, 946 F.3d 968, 970 (7th Cir. 2020). Pollock then applied to the Seventh Circuit for permission, in light of *Rehaif*, to file a second

3

Section 2255 motion; the court denied this request. *Pollock v. United States*, No. 19-2223, ECF Nos. 1, 2 (7th Cir. June 27, 2019, and July 1, 2019).

Pollock filed the present Section 2241 petition in March 2020.[3] (ECF No. 1.) In it, Pollock argues that the Government failed to prove, as required by *Rehaif*, that he knew that he was prohibited from possessing a firearm. (*Id.*) In a January 12, 2021 Report and Recommendation, United States Magistrate Judge Tony N. Leung recommends that the Court dismiss Pollock's petition for lack of jurisdiction. (ECF No. 35 ("R&R") at 13.) Pollock objects to Judge Leung's recommendation, (ECF No. 38 ("Obj.")[4]), so the Court conducts a *de novo* review of the parts of the R&Rs to which Pollock objects. 28 U.S.C. § 636(b)(1); *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995).

## ANALYSIS

### I.   Subject Matter Jurisdiction

The Court must first determine whether it has jurisdiction to consider the petition. *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) (noting that federal courts have an obligation to determine whether subject matter jurisdiction exists); *DeSimone v. Lacy*, 805

---

[3] Pollock has previously filed two Section 2241 petitions in this District: *Pollock v. United States*, No. 18-CV-1617 (PAM/BRT), ECF No. 1 (D. Minn. June 11, 2018); *Pollock v. Kallis*, No. 20-CV-359 (DSD/BRT), ECF No. 1 (D. Minn. Jan. 27, 2020). The former petition was denied; the latter is still pending.

[4] Pollock mailed two versions of his objection. (ECF Nos. 38, 39.) They appear to be exactly the same, except one is dated February 10, 2021, (ECF No. 38), and the other is dated a day later, (ECF No. 39). Because it was filed first, and because the filings are identical, the Court will refer to the objection at ECF No. 38.

F.2d 321, 323 (8th Cir. 1986) ("A district court does not have subject matter jurisdiction over issues concerning the imposition of a sentence by another district court 'unless it . . . appears that the remedy by motion [to the sentencing court] is inadequate or ineffective to test the legality of [an inmate's] . . . detention.'") (quoting 28 U.S.C. § 2255). An inmate bringing a collateral challenge to a federal conviction or sentence must ordinarily file in the sentencing court under 28 U.S.C. Section 2255, not in a habeas petition before the court of incarceration. *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003). If the sentencing court has already denied a prisoner's Section 2255 motion, a court cannot consider the prisoner's later petition for a writ of habeas corpus under Section 2241 unless the prisoner can show that Section 2255 was "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *see Hill*, 349 F.3d at 1091; *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004). If the prisoner does not make that showing, the Section 2241 court does not have jurisdiction to consider the petition.[5] *Lee v. Sanders*, 943 F.3d 1145, 1147 (8th Cir. 2019).

---

[5] An additional avenue for a prisoner who has already filed a Section 2255 motion and wishes to bring an additional one is to apply to the Court of Appeals for permission to file a second or successive Section 2255 motion. 28 U.S.C. § 2255(h). The Court of Appeals may grant the prisoner permission if the prisoner has discovered new evidence or the Supreme Court has announced a new rule of constitutional law that applies retroactively to cases on collateral review. *Id.* As discussed above, Pollock has already requested, and has been denied, permission from the Seventh Circuit Court of Appeals to file a second Section 2255 motion. *Pollock v. United States*, No. 19-2223, ECF Nos. 1, 2 (7th Cir. June 27, 2019 and July 1, 2019).

Showing that Section 2255 was inadequate or ineffective is a heavy burden. *Lee*, 943 F.3d at 1147. To meet the burden, the petitioner must demonstrate that more than just a procedural bar stands between him and the requested relief. *Hill*, 349 F.3d at 1091. Indeed, Section 2255 may be adequate and effective even if "the petitioner is unaware of his claim"; "a petition under § 2255 has already been denied"; or "the statute of limitations to file under § 2255 has run." *Lee*, 943 F.3d at 1147 (citing *Hill*, 349 F.3d at 1091); *see Abdullah*, 392 F.3d at 963 ("All the Constitution requires, if it requires that much, is that the procedural opportunity have existed.") (quotation omitted).

The Eleventh Circuit has noted a "deep and mature circuit split" on the scope of Section 2255's "inadequate or ineffective" savings clause. *Bryant v. Warden, FCC Coleman-Medium*, 738 F.3d 1253, 1279 (11th Cir. 2013), *overruled on other grounds by McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076 (11th Cir. 2017). Specifically, the circuits have split on the question of whether an intervening change in statutory law renders Section 2255 "inadequate or ineffective" for prisoners who had already filed a Section 2255 motion prior to the intervening change. The Tenth and Eleventh Circuits take a more restrictive view and hold that intervening statutory changes do not make a Section 2255 motion inadequate or ineffective, and so a prisoner is not permitted to file a later Section 2241 petition. *See McCarthan*, 851 F.3d at 1099 (holding that petitioner did not qualify for Section 2255's saving clause because he "was free to bring" his claim about the interpretation of his sentencing law in his initial motion to vacate); *Jackson v. Hudson*,

6

822 F. App'x 821, 824 (10th Cir. 2020) (citation omitted) (holding that a Section 2255 motion was not inadequate or ineffective for a prisoner who was convicted of being a felon in possession and brought his first Section 2255 motion pre-*Rehaif*), *petition for cert. filed*, No. 20-911 (U.S. Jan. 9, 2021). These circuits reason that, even if circuit precedent was against the prisoner when he filed his Section 2255 motion, he could have "raise[d] the claim and attempt[ed] to persuade the court to change its precedent, and failing that, to seek certiorari in the Supreme Court." *McCarthan*, 851 F.3d at 1099; *see Prost v. Anderson*, 636 F.3d 578, 589 (10th Cir. 2011) (explaining that a prisoner's failure to imagine a then-novel statutory interpretation that was adopted after he brought his first Section 2255 motion did not render the Section 2255 motion inadequate or ineffective); *accord Abdullah*, 392 F.3d at 963 (holding that a petitioner's "failure to seize [a procedural] opportunity does not render § 2255 inadequate or ineffective to test the legality of his conviction").

Most circuits are not quite so restrictive, with each articulating a somewhat different standard when there has been an intervening change in statutory law.[6] The

---

[6] *See In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000) (holding that Section 2255 was inadequate and ineffective when "(1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law"); *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997) (holding that Section 2255 is inadequate or ineffective when denying a prisoner the opportunity to challenge his conviction would result in a "complete miscarriage of justice"); *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001) (explaining that the Section 2255(e) savings clause applies when a claim "(i) [] is based on a retroactively

Eighth Circuit has not adopted a bright-line rule, but it has considered a similar issue. In *Abdullah*, the defendant pled guilty to using a firearm in relation to a drug trafficking crime under 18 U.S.C. Section 924(c)(1). 392 F.3d at 958. He later filed a Section 2255 motion. *Id.* While his motion was pending, the Supreme Court decided *Bailey v. United States*, in which the Supreme Court held that the "use" element in Section 924(c)(1) requires proof of "active employment of the firearm by the defendant." 516 U.S. 137, 143–44 (1995). The district court then denied the Section 2255 motion. *Abdullah*, 392 F.3d at

---

applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) [] was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion"); *Wright v. Spaulding*, 939 F.3d 695, 703 (6th Cir. 2019) ("The prisoner must also show that binding adverse precedent (or some greater obstacle) left him with 'no reasonable opportunity' to make his argument any earlier, 'either when he was convicted and appealed or later when he filed a motion for postconviction relief under section 2255.'") (quotation omitted; cleaned up); *Beason v. Marske*, 926 F.3d 932, 935 (7th Cir. 2019) (explaining that Section 2255 is inadequate when "(1) the claim relies on a statutory interpretation case, not a constitutional case . . . ; (2) the petitioner could not have invoked the decision in his first § 2255 motion and the decision applies retroactively; and (3) the error is grave enough to be deemed a miscarriage of justice"); *Allen v. Ives*, 950 F.3d 1184, 1188 (9th Cir. 2020) ("[A] remedy under § 2255 is inadequate where the prisoner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim.") (internal quotations omitted).

Some have expressed doubt regarding whether these circuits' approaches are consistent with the Supreme Court's decision in *Bousley v. United States*, 523 U.S. 614 (1998). *See Brown v. Caraway*, 719 F.3d 583, 597–98 (7th Cir. 2013) (Statement of Easterbrook, C.J.) ("The panel in *Davenport* stated: 'It would just clog the judicial pipes to require defendants, on pain of forfeiting all right to benefit from future changes in the law, to include challenges to settled law in their briefs on appeal and in postconviction filings.' . . . *Bousley*. . . show[s] that the Justices have a different view.") (quoting *In re Davenport*, 147 F.3d 605, 610 (7th Cir. 1998)).

959. After the Eighth Circuit affirmed the denial, Abdullah brought a Section 2241 petition. *Id.* The district court dismissed this petition as well, concluding that it lacked jurisdiction because Abdullah had already filed a Section 2255 motion. *Id.*; *Abdullah v. Hedrick*, No. 02-cv-3391-RED, ECF No. 19 (W.D. Mo. Feb. 11, 2003).

The issue on appeal was whether Abdullah could bring his *Bailey* challenge in a Section 2241 petition, which depended on whether the Section 2255 motion was inadequate or ineffective. *Abdullah*, 392 F.3d at 958. The Eighth Circuit held that it was not, because Abdullah had "an unobstructed procedural opportunity to present his claim," which is "'[a]ll the Constitution requires.'" *Id.* at 963 (quotation omitted). The court emphasized that prior cases that had permitted Section 2241 motions had concluded that those petitioners had had "no earlier procedural opportunity to present their claims." *Id.* The determinative factor was that Abdullah had the opportunity to bring the challenge, even if it was unlikely to succeed—Abdullah merely had to have a shot, it did not mean that "'he took the shot, or even that he or his attorney recognized the shot was there for the taking.'" *Id.* (quotation omitted). Abdullah's "shot" was that he could have amended his then-pending initial Section 2255 motion to include his *Bailey* claim or could have timely received authorization to file a second Section 2255 motion. Since he had a shot, Abdullah was prohibited from bringing a Section 2241 petition, and the Eighth Circuit upheld the district court's conclusion that it lacked jurisdiction. *Abdullah*, 392 F.3d at 964.

*Abdullah*, while similar in many respects to the facts here, is not on all fours. Most significantly, the Eighth Circuit's conclusion rested, in part, on the fact that Abdullah's first Section 2255 motion was still pending when the Supreme Court decided *Bailey*, and that he could have amended the motion to include this argument. *Abdullah*, 943 F.3d at 963–64. The same is not true here—Pollock's initial Section 2255 motion was denied well before the Supreme Court decided *Rehaif*, so he could not have amended the motion to raise this argument.

Nevertheless, the Court agrees that the case falls under the *Abdullah* guidance such that Pollock had "an unobstructed procedural opportunity to present his claim." *Id.* at 963. Although Pollock likely would have failed if he had made the argument that the Government was required to prove that he knew he was prohibited from possessing a firearm before the Supreme Court decided *Rehaif*, his dim chance of having succeeded is insufficient to establish that Section 2255 was an inadequate or ineffective method of challenging his conviction. *See Abdullah*, 392 F.3d at 963 (explaining that all that matters is that the inmate had an opportunity to bring his challenge); *cf. Bousley*, 523 U.S. at 623 ("[F]utility cannot constitute cause if it means simply that a claim was 'unacceptable to that particular court at that particular time.'") (quoting *Engle v. Isaac*, 456 U.S. 107, 130 n.35 (1982)).

Further, Section 2255 was adequate and effective even if Pollock was unaware of this potential claim when he brought his Section 2255 motion. *Lee*, 943 F.3d at 1147.

10

Section 2255 is inadequate or ineffective when the remedy itself is infirm, rather than when the prisoner fails to prevail under it. *Id.* (citing *Prost v. Anderson*, 636 F.3d 578, 589 (10th Cir. 2011) (Gorsuch, J.) ("[I]t is the infirmity of the § 2255 remedy itself, not the failure to use it or to prevail under it, that is determinative.")). Even though Pollock likely would not have prevailed on his *Rehaif* argument in his initial Section 2255 motion, the remedy itself was not infirm because he was not prohibited from making this argument in the initial motion.

Because Section 2255 was not an inadequate or ineffective vehicle through which Pollock could bring his arguments, the Court lacks jurisdiction over his petition and must dismiss it. The Court also notes, for the sake of judicial economy, that Judge Leung is correct in his conclusion that the merits of Pollock's claim are not difficult. Thus, even if the Court had jurisdiction, his *Rehaif* claim cannot survive the clear-error review it is due. (R&R at 3-4.) The claim is dismissed.

**II.     Motion to Strike**

Judge Leung determined that Pollock's motion to amend, (ECF No. 23), should be treated as a motion to strike and that it should be denied. (R&R at 12.) Pollock does not object to this conclusion, so the Court reviews it for clear error. *See* Fed. R. Civ. P. 72(b); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam). Finding no clear error, the Court accepts this part of the R&R.

11

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Pollock's objection (ECF No. 38, 39) is OVERRULED;

2. The Report and Recommendation (ECF No. 35) is ACCEPTED;

3. Pollock's motion to amend (ECF No. 23) is DENIED; and

4. Pollock's Petition for a Writ of Habeas Corpus is DISMISSED WITH PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March 24, 2021                          BY THE COURT:

                                                                            s/Nancy E. Brasel
                                                                            Nancy E. Brasel
                                                                            United States District Judge